United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

APR 1 4 2003

Michael N. Milby
Clerk of Court



DirecTV

vs.

David W. Fanchier

No. B-03-055
[Jury Requested]

## Motion to Transfer Venue

TO THE HONORABLE COURT:

David W. Fanchier respectfully files this Motion to Transfer Venue.

### Background

1. DirecTV has been filing a large quantity of abusive lawsuits like this one. In many instances, people who have purchased completely lawful devices such as smart card programmers and smart card emulators are sued. Smart Cards are industry standard ISO devices. These devices are useful in many applications. Programmers, emulators, and related equipment is useful in education on and implementation of this technology. Many believe that Smart Card technology is the next technological revolution -- essentially tiny computers on a credit card.

2. DirecTV is ego-centric and believes anyone interested in this technology must be stealing its programming. Actually, smart cards can be used in many applications. Further, many people simply enjoy tinkering with technology. This Country has a long history of innovation throughout its history. Edison is an example. Recent examples resulted in Apple Computer and Intel and Microsoft. Some defendants are professionals attempting to keep their skills current.

3. DirecTV generally has no evidence of wrongdoing. The argument generally is that you must have been trying to steal our signal if you bought that device. The inference is flawed. Sometimes it is argued that since the Defendant does not have DirecTV service or has terminated service or is purchasing only basic service means the Defendant must be stealing DirecTV's programming. DirecTV is amazingly egocentric. The argument is much like an architect arguing "you purchased some spanish tile and some stucho so you must be stealing my house plans."

4. The existence of abusive suits like these is highly likely to stifle the American Innovative genius that made this country great. Edison never would have survived DirecTV.

1

5. DirecTV extorts monies using these lawsuits. It generally sets its extortion amount at an amount less than what most attorneys charge to defend a case in federal court. Thus, most defendants have no rational alternative other than to submit to the extortion. DirecTV generally extorts in the range of $3,000 to $5,000 per Defendant. The cost benefit ratio is high especially when as here many Defendants are combined into a single suit.

6. These lawsuits are an abuse of the Court system. These lawsuits are truly frivolous and abusive. Generally, the term "frivolous lawsuit" is used when some little guy who has been harmed by the big guy tries to get justice. In this instance, the big guy is slamming little thousands of little guys. The abuse here is far worse because the little guys are unable to defend themselves.

## This Case

7. This Defendant is deaf. He cannot even hear DirecTV's programming. He intended to learn and practice his programming skills -- an entirely legal activity.

## Venue

8. Plaintiff admits that this Defendant resides in Corpus Christi, Texas. **See** Paragraph 21 of Plaintiff's Complaint. Why was this suit commenced in Brownsville? Certainly, DirecTV knows how to file a suit in Corpus Christi. It has filed at least several and probably more. These suits are economically abusive to start with and filing them at a distance just increases the economic abuse. There is no reason why this suit cannot be pursued in the Corpus Christi Division.

9. Any violation occurred in the Corpus Christi Division. The Defendant resides in the Corpus Christi Division. The Plaintiff is based in California according to its Complaint. The Plaintiff is not only capable of litigating nation-wide -- it is litigating nationwide. The Defendant's lawyer has received phone calls from terrorized people from coast to coast and from South Texas to Illinois. There is simply no logice or reason for this case to be in the Brownsville Division.

## 28 U.S.C. 1404

10. The Court may transfer venue for the convenience of the parties and in the interests of justice to any other division or district where it might have been brought.

11. Brownsville is not convenient to anyone. It is convenient to Plaintiff only in the sense that Plaintiff doesn't care -- it has the resources to litigate anywhere and everywhere. Corpus Christi is just as convenient to Plaintiff as Brownsville. Corpus Christi is much more convenient to Defendant. The Court should transfer this case to the Corpus Christi Division.

### Severance

12. The Court should sever Plaintiff's claim against this Defendant from Plaintiff's claims against the other Defendants so the claims against the other Defendants remain in Brownsville.

13. Rule 21 allows severance of claims. The other defendants have no known relationship with this Defendant other than all being victims of DirecTV's heavy-handed tactics.

14. Moore's Federal Practice States at 21.06[2]:

> A severed claim becomes a separate case. As with any case in federal court, it may be transferred under appropriate circumstances. A claim cannot be transferred until it has been severed for the simple reason that until then it is not a separate action subject to transfer. In fact, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance... The court may sever claims and transfer to cure defects in venue.

### Conclusions

15. The Court should sever DirecTV's claims against this Defendant from its claims against the Other Defendants and transfer DirecTV's claims against this Defendant to Corpus Christi.

16. This Defendant by the mere act of purchasing industry standard electronic components for experimentation and education is now a Defendant in a federal suit. This is an immense burden on this individual especially in view of his handicap. He is a fisherman who happens to have a hobby of programming and electronics -- an entirely legal hobby. There is no reason why he shouldn't and in fact every reason why he should be able to defend himself near his home.

Respectfully Submitted,

*/s/ David Sibley*

David A. Sibley
Attorney at Law
P.O. Box 9610
719 N. Upper Broadway (78401)
Corpus Christi, Texas 78469-9610
(361) 882-2377 -- Telephone
(877) 582-7477 --Telecopier
david@davidsibley.com -- Email
davidsibley.law -- Home Page
State Bar No. 18337600
Federal I.D. 10053

Case 1:03-cv-00055   Document 5   Filed in TXSD on 04/14/2003   Page 4 of 4

Attorney-in-Charge for David Franchier

## Certificate of Service

On Wednesday, April 9, 2003, I served this as follows

**Via Telecopier**
Robert W. Swofford
Attorney At Law

_____
David A. Sibley