IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| | § | |
| | § | |
| | § | Civil Action No. B-03-055 |
| v. | § | |
| | § | JURY REQUESTED |
| | § | |
| HENRY AYALA, PAUL CANTU, | § | |
| CELINDA CARRANZA, OMAR | § | |
| TREVINO A/K/A LINDA CORTEZ | § | |
| CHRISTOPHER DAVIS, THERESA | § | |
| DECASTRO AND DAVID W. FANCHIER | | |

United States District Court
Southern District of Texas
FILED
APR 28 2003
Michael N. Milby
Clerk of Court

### DEFENDANT'S CARRANZA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Celinda Carranza, n/k/a Celinda Fernandez (hereinafter "Defendant"), and file this her Original Answer, in the above entitled and numbered cause, in response to Plaintiff's Original Complaint as follows:

1. Defendant would show she has been sued under the wrong name. Carranza is Defendant's maiden name; her correct name is Celinda Fernandez.

2. Defendant denies that the law prohibits mere possession of the device she is accused of possessing, as alleged in paragraph one of Plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to form a belief about the technical details of Plaintiff's satellite operations contained in paragraph two of Plaintiff's Complaint. Defendant admits that a satellite dish is connected to an indoor receiver and then to a television.

4. Defendant denies the first sentence of paragraph three of Plaintiff's Complaint as worded. Defendant is without knowledge or information sufficient to form a belief about the technical details of Plaintiff's encryption technology.

50770:1055882.1:042803

5. Defendant is without knowledge or information sufficient to form a belief about the technical details of Plaintiff's subscription scheme. Defendant admits that it is customary to pay a subscription fee for subscription services. Defendant is without knowledge or information sufficient to form a belief as to how satellite purchases are recorded.

6. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraph five of Plaintiff's Complaint.

7. Defendant Fernandez admits she resides in Texas, but is without knowledge sufficient to form a belief about the residence of other defendants. Defendant denies she purchased or used any illegal device to steal Plaintiff's services.

8. Defendant is without knowledge or information sufficient to form a belief about the truth of averments contained in paragraph seven of Plaintiff's Complaint.

9. Defendant denies any of her activities violate federal telecommunication and wiretapping laws or any state statutory or common law. Defendant is without knowledge or information sufficient to form a belief about the activities of any other defendant. Defendant admits Plaintiff seeks damages and injunctive relief as part of its groundless lawsuit against her.

10. Defendant admits the jurisdictional allegations in paragraphs ten and eleven of Plaintiff's Complaint, except that Defendant denies she engaged in any of the illegal activities alleged by Plaintiff.

11. Defendant admits that venue is proper in the Southern District of Texas.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraphs fourteen through sixteen of Plaintiff's Complaint.

13. Defendant admits she resides in Brownsville. Defendant denies she purchased any pirate access device. Defendant denies she ever ordered such a device. Defendant is is without knowledge or information sufficient to form a belief about what it is that an "unlooper" does.

14. Defendant is without knowledge of information sufficient to form a belief about the truth of averments in paragraphs eighteen through twenty-one of Plaintiff's Complaint.

15. Defendant denies she imported any illegal device into the State of Texas. Defendant denies she displayed Satellite Programming without authorization from Directv. Defendant denies possessing any device that provided illicit access to Directv programming.

16. Defendant denies receiving satellite programming without authorization.

17. Defendant denies she has ever engaged in an enterprise to distribute and/or resell any pirate devices.

18. Defendant is without knowledge or information sufficient to form a belief about the truth of averments made in paragraph twenty-six of Plaintiff's Complaint.

19. Defendant denies the averments in paragraphs twenty-eight through twenty-nine of Plaintiff's Complaint.

20. Defendant denies she violated 47 U.S.C. § 605.

21. Defendant denies that Plaintiff is entitled to any damages from Defendant Fernandez.

22. Defendant denies the averments in paragraph thirty-four of Plaintiff's Complaint.

23. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraph thirty-five of Plaintiff's Complaint.

24. Defendant denies the averments in paragraph thirty-six of Plaintiff's Complaint.

25. Defendant denies the averments in paragraph thirty-eight of Plaintiff's Complaint.

26. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraph thirty-nine of Plaintiff's Complaint.

27. Defendant denies Plaintiff is entitled to any damages from Defendant Fernandez

28. Defendant denies the averments in paragraphs forty-two through forty-three of Plaintiff's Complaint.

29. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraph forty-four of Plaintiff's Complaint.

30. Defendant denies the averments in paragraphs forty-five through forty-eight of Plaintiff's Complaint.

31. Defendant admits the averments in paragraph fifty of Plaintiff's Complaint.

32. Defendant denies the averments in paragraph fifty-one of Plaintiff's Complaint.

33. Defendant denies the averments in paragraphs fifty-three through fifty-four of Plaintiff's Complaint.

34. Defendant is without knowledge or information sufficient to form a belief about the truth of averments in paragraph fifty-five of Plaintiff's Complaint.

35. Defendant denies engaging in any of the conduct alleged in paragraph fifty-six of Plaintiff's Complaint.

36. Defendant denies Plaintiff is entitled to any of the relief asked for in its Prayer, at least as against Defendant Fernandez.

## II.
## AFFIRMATIVE DEFENSES

37. For further answer, if any be necessary, Defendant pleads that she is not liable for the acts or omissions of third parties.

38. For further answer, if any be necessary, Defendant affirmatively pleads that she has reached a settlement with Plaintiff. Any further prosecution of this case would represent a breach of that agreement.

WHEREFORE, PREMISES CONSIDERED, Defendant, Celinda Carranza, n/k/a Celinda Fernandez,. prays that upon a final trial and hearing hereof, the Court enter its Judgment that Plaintiff take nothing, that Defendant recovers her costs, and have such other and further relief, general and special, legal and equitable, to which she may show herself to be justly entitled.

Respectfully submitted,

By: _____
Michael J. Blanchard
State Bar No. 24036231
Motion for Admission Pro Hac Vice Pending
55 Cove Circle
Brownsville, Texas
(956) 542-4377 - Telephone
(956) 542-4370 - Facsimile

ATTORNEY FOR DEFENDANT

                CELINDA CARRANZA n/ka CELINDA FERNANDEZ

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 28th day of April, 2003, deposited a true and correct copy of the foregoing by certified mail, return receipt requested and properly addressed to:

Mr. Robert A. Swofford
Greer, Herz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile
**Via Facsimile and**
Certified Mail, RRR No. 7002 1000 0005 1025 0579

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.