IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 3 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| DIRECTV,   § | |
| § | |
| Plaintiff   § | |
| § | |
| V.   § | CIVIL ACTION B-03-055 |
| § | |
| DAVID W. FANCHIER,   § | |
| § | |
| Defendant.   § | |

### ORDER

BE IT REMEMBERED that on June 26, 2003, the Court considered Defendant David W. Fanchier's Motion to Transfer Venue [Dkt. No. 5]. Plaintiff has not responded to Defendant's motion. In a letter dated June 20, 2003, however, Plaintiff notified the Court that it was not opposed to a transfer of venue as to this Defendant only. Generally, pursuant to Local Rule 7.4, the Court interprets a failure to respond as no opposition to the motion. Despite the most recent communication concerning non-opposition, the Court conducts its own review of the motion, and for the following reasons **DENIES** Defendant's motion.

### Factual and Procedural Background:

This lawsuit involves the alleged illegal use of devices and equipment designed to interrupt and decrypt DIRECTV's satellite communications, resulting in the viewing of television programming free of charge. See Pl's Original Complaint, at p. 1 [Dkt. No. 1]. Plaintiff brings causes of action for alleged violations of the Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(C), and for damages resulting from the alleged possession, manufacture, and/or assembly of electronic, mechanical, or other devices or equipment in violation of 18 U.S.C. § 2512. According to Plaintiff, DIRECTV beams a satellite signal from space that is not usable without paying DIRECTV a fee to use its television broadcast services. DIRECTV uses encryption technology to digitally

scramble the signal, which must be unscrambled in order to be used by subscribers. A satellite receiver makes descrambling possible. Each satellite receiver contains a removable access card that further unscrambles the satellite signals received through satellite dishes. Access cards are electronically programed by DIRECTV. See Pl's Original Complaint, at p. 2-3.

Defendant, David W. Fanchier, is one of several defendants in this case, most of which are residents of Brownsville, Texas. Two defendants, however, including David W. Fanchier, are residents of Corpus Christi. DIRECTV alleges David W. Fanchier

> purchased a device invoiced as a "WT2". The WT2 is designed to repair Access Cards that have been rendered unusable by prior illegitimate use and is specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access devices. The device was shipped to Defendant Fanchier to his address in Corpus Christi, Texas.

Pl's Original Complaint, at pp. 9-10 [Dkt. No. 1]. The factual allegations against Defendant Fanchier are similar in nature to the allegations brought against the other defendants and the same violations of Federal Communications laws are implicated. See id.

**Defendant's Severance and Transfer of Venue Arguments:**

Defendant argues his case should be severed from the above action under Federal Rule of Civil Procedure 21 because, "[t]he other defendants have no known relationship with this Defendant other than all being victims of DirecTV's heavy-handed tactics." Def's Motion to Transfer Venue, at p. 3 [Dkt. No. 5]. Beyond the preceding statement in his motion, Defendant does not argue he was misjoined as a defendant in this case under Federal Rule of Civil Procedure 21.

Defendant argues that after severance his case should be transferred to the Corpus Christi division because "Brownsville is not convenient to anyone. . . . It is convenient to Plaintiff only in the sense that Plaintiff doesn't care — it has the resources to litigate anywhere and everywhere. Corpus Christi is just as convenient to Plaintiff as Brownsville. Corpus Christi is much more convenient to Defendant." Def's Motion to Transfer Venue, at p. 2 [Dkt. No. 5]. Defendant states no other reason supporting a

transfer from this Court to the Corpus Christi division.

### Severance

Federal Rule of Civil Procedure 21 states that "'[a]ny claim against a party may be severed and proceeded with separately.'" See generally United States v. O'Neil, 709 F.2d 361, 369 (5th Cir. 1983). The district court may order severance in its discretion when no party suffers prejudice and when the administration of justice so requires. See Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 371, 574 & n. 12 (5th Cir. 1995). "A party is not entitled to severance when it would prolong the ultimate termination of the action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts." See El Aguila Food Products, Inc. v. Gruma Corp., 167 F. Supp.2d 955, 960 (S.D. Tex. 2001) (citations omitted).

In short, Defendant has not presented the Court with anything other than a conclusory reason for burdening two federal courts with separate, but similar trials, in two different divisions within the same district. Other than Defendant's relative inconvenience, which is always a factor in any lawsuit and particularly those lawsuits with multiple defendants, Defendant has presented no arguments concerning any real prejudice he would sustain if required to litigate the case in this division. Plaintiff's similar claims against all the defendants may be adjudicated in this Court together, and if a risk of prejudice arises at a later stage of the lawsuit, or if Defendant Fanchier convinces the Court that such prejudice exists, the Court has the discretion to minimize that risk by ordering a separate trial pursuant to Federal Rule of Civil Procedure 42(b).

Although a denial of Defendant's Motion to Sever renders his Motion to Transfer Venue moot, the Court nonetheless conducts a brief review of Defendant's arguments concerning transfer of venue.

### Venue

28 U.S.C. § 1404(a) governs the transfer of venue and imposes a two part test. First, transfer is proper when the case could have been originally brought in the transferee district, and second, when the transfer is in the interest of justice and serves the convenience of the parties and witnesses. The venue statue, however, was never intended to eclipse or narrow the Plaintiff's choice of venue. See Ferens v. John Deere

Co., 494 U.S. 516, 522 (1990) (citation omitted). There are several factors the Court should consider in determining whether a transfer pursuant to 28 U.S.C. § 1404(a) is warranted: "(1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of unwilling witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general." Bollinger Indust., L.P. v. May, 2003 WL 21281636 *2 (N.D. Tex. May 29, 2003) (citing Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994)).

The party seeking the change of venue bears the burden of demonstrating that the forum should be changed. See Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). Only if the balance of factors strongly favors the moving party, should the Court disturb the Plaintiff's choice of forum. See Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989). The decision to transfer a case is left to the sound discretion of the district court. See Jarvis Christian College v. Exxon Corp, 845 F.2d 523, 528 (5th Cir. 1988).

Defendant has again failed to carry his burden demonstrating that the forum should be changed. Defendant simply argues that Brownsville is not convenient for anyone. Yet, five of the seven defendants named in this particular cause of action reside either in Brownsville or in the surrounding area. Plaintiff, conversely, is incorporated under California law. Defendant has not indicated that Corpus Christi is more convenient for certain key witnesses, or that a majority of witnesses live more than 100 miles from Brownsville and outside of the subpoena reach of the Court. As in any case tried in federal court, there are always attendant costs, and it is rare that a given forum is the least expensive for every individual. See Henderson v. AT & T Corp., 918 F. Supp. 1059, 1067 (S.D. Tex. 1996). The Court has no reason to believe that the costs of litigation are substantially increased by litigating the case in Brownsville, nor has Defendant offered any arguments concerning an increased ability to conduct discovery in Corpus Christi due to better access to records or documents. Although the alleged events that pertain to this defendant specifically arose in Corpus

Christi, this factor alone does not tip the scale in Defendant's favor. Indeed, the most convenient venue for a majority of the parties involved, is in fact Brownsville, as opposed to Corpus Christi.

In short, although Plaintiff has indicated it is not opposed to transfer for Defendant Fanchier only, Defendant has not articulated any reason, beyond cursory reference to his convenience, why this Court should transfer his case. The Court, therefore, will respect Plaintiff's choice of forum and retain Defendant's case in the Brownsville division.

The Court **DENIES** Defendant's Motion to Sever and Transfer Venue [Dkt. No. 5].

DONE this 26th day of June, 2003, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge