*14*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2003

Michael N. Milby
Clerk of Court

DIRECTV, INC. §
§
VS. §
§
HENRY AYALA, PAUL CNTU, §   CIVIL ACTION: B-03-055
CELINDA CARRANZA, OMAR §
TREVINO A/K/A LINDA CORTEZ, §
CHRISTOPHER DAVIS, THERESA §
DECASTRO AND DAVID W. FANCHIER §

## ORIGINAL ANSWER AND GENERAL DENIAL

Comes Now the Defendant **HENRY AYALA** (hereinafter "Defendant") by and through his undersigned counsel, and as and for his Answer to the plaintiff DIRECTV, Inc.'s (hereinafter "Plaintiff") Complaint states as follows:

### I. PRELIMINARY STATEMENT

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint.

### II. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint.

3. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint.

4. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint.

5. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint, and therefore denied the same. Defendant specifically denies that he purchased illegally Modified DIRECTV access cards and/or other devices for viewing DIRECTV programming with authorization ("Private Access Devices").

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint, and therefore denied the same. Defendant specifically denies that he purchased illegally Modified DIRECTV access cards and/or other devices for viewing DIRECTV programming with authorization ("Private Access Devices").

### III. JURISDICTION

9. Defendant repeats and re-alleges his responses in Paragraphs 1 through 8, inclusive, as if set forth fully herein in response to Paragraph 9 of this Complaint.

10. Denied. Defendant denies the averments contained in Paragraph 10 of the Complaint.

11. Denied. Defendant denies the averments contained in Paragraph 11 of the Complaint.

## IV. VENUE

12.   Admit that venue is proper in this the United States District Court for the Southern District of Texas under 28 U.S.C. §1391(b). Defendant denies the averments that Defendant performed such acts in or outside of Southern District of Texas.

## V. PARTIES

13.   Denied. Defendant denies the averments contained in Paragraph 13 of the Complaint.

14.   Denied. Defendant denies the averments contained in Paragraph 14 of the Complaint.

15.   Denied. Defendant denies the averments contained in Paragraph 15 of the Complaint.

16.   Denied. Defendant denies the averments contained in paragraph 16 of the complaint.

17.   Denied. Defendant denies the averments contained in paragraph 17 of the complaint.

18.   Denied. Defendant denies the averments contained in paragraph 18 of the complaint.

19.   Denied. Defendant denies the averments contained in paragraph 19 of the complaint.

20.   Denied. Defendant denies the averments contained in paragraph 20 of the complaint.

21.   Denied. Defendant denies the averments contained in paragraph 21 of the complaint.

22. Denied. Defendant denies the averments contained in paragraph 22 of the complaint.

23. Denied. Defendant denies the averments contained in paragraph 23 of the complaint.

24. Denied. Defendant denies the averments contained in paragraph 24 of the complaint.

25. Denied. Defendant denies the averments contained in paragraph 25 of the complaint.

## VI. CAUSES OF ACTION

### Count 1 – Damages for Violations of Cable Communications Policy Act. (47 U.S.C. §605(e)(3)(C)

27. Defendant repeats and re-alleges his responses in Paragraphs 1 through 25, inclusive, as if set forth fully herein in response to this Complaint.

28. Denied. Defendant denies the averments contained in paragraph 28 of the complaint.

29. Denied. Defendant denies the averments contained in paragraph 29 of the complaint.

30. Denied. Defendant denies the averments contained in paragraph 30 of the complaint.

31. Denied. Defendant denies the averments contained in paragraph 31 of the complaint.

32. Denied. Defendant denies the averments contained in paragraph 32 of the complaint.

**Count 2 – Damages for Violations of 18 U.S.C. § 2511**

33.  Defendant repeats and re-alleges his responses in Paragraphs 1 through 32, inclusive, as if set forth fully herein in response to this Complaint.

34.  Denied. Defendant denies the averments contained in paragraph 34 of the complaint.

35.  Denied. Defendant denies the averments contained in paragraph 35 of the complaint.

36.  Denied. Defendant denies the averments contained in paragraph 36 of the complaint.

**Count 3 – Damages for Possession, Manufacture, and/or Assembly of Electronic, Mechanical or Other Device or Equipment**
**(18 U.S.C. §2512)**

37.  Defendant repeats and re-alleges his responses in Paragraphs 1 through 36, inclusive, as if set forth fully herein in response to this Complaint.

38.  Denied. Defendant denies the averments contained in paragraph 38 of the complaint.

39.  Denied. Defendant denies the averments contained in paragraph 39 of the complaint.

40.  Denied. Defendant denies the averments contained in paragraph 40 of the complaint.

### Count 4 – Damages for Willful Assembly or Modification of Devices or Equipment
### (41 U.S.C. § 605(e)(4))

41. Defendant repeats and re-alleges his responses in Paragraphs 1 through 40, inclusive, as if set forth fully herein in response to this Complaint.

42. Denied. Defendant denies the averments contained in paragraph 42 of the complaint.

43. Denied. Defendant denies the averments contained in paragraph 43 of the complaint.

44. Denied. Defendant denies the averments contained in paragraph 44 of the complaint.

### Count 5 – Civil Conversion

45. Defendant repeats and re-alleges his responses in Paragraphs 1 through 44, inclusive, as if set forth fully herein in response to this Complaint.

46. Denied. Defendant denies the averments contained in paragraph 46 of the complaint.

47. Denied. Defendant denies the averments contained in paragraph 47 of the complaint.

48. Denied. Defendant denies the averments contained in paragraph 48 of the complaint.

### Count 6 – Interception of Communication
### (Tex. Civ. Prac. & Rem. Code §123.001, *et seq.*)

49. Defendant repeats and re-alleges his responses in Paragraphs 1 through 48, inclusive, as if set forth fully herein in response to this Complaint.

50. Defendant cannot admit or deny Paragraph 50 as they are facts or allegations out of his control and will be later set forth in discovery.

51. Denied. Defendant denies the averments contained in paragraph 51 of the complaint.

## VIII. REQUEST FOR INJUNCTIVE RELIEF

52. Defendant repeats and re-alleges his responses in Paragraphs 1 through 51, inclusive, as if set forth fully herein in response to this Complaint.

53. Denied. Defendant denies the averments contained in paragraph 53 of the complaint.

54. Denied. Defendant denies the averments contained in paragraph 54 of the complaint.

55. Denied. Defendant denies the averments contained in paragraph 55 of the complaint.

56. Denied. Defendant denies the averments contained in paragraph 56 of the complaint.

WHEREFORE, Defendant denies that he is liable to the Plaintiff and prays this Court will enter a judgment in his favor and against plaintiff herein, that he be awarded further his costs and attorneys fees expended herein, and that the Court award such additional relief as it may deem just and equitable.

## GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations within Plaintiff's Original Complaint and, without waiving its right to file other and further pleadings, motions, and discovery, demands that be held to the most strict requirements of proof and that Defendant

be released with costs to be assessed against the Plaintiff and for such other and further relief, whether at law or in equity, to which this Defendant may show himself to be justly entitled.

## JURY DEMAND

Defendant hereby requests a jury trial.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this __8th__ day of July, 2003, I caused a copy of the foregoing Memorandum in Support of Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Greer, Herz & Adams, L.L.P. One Moody Plaza 18th Floor Galveston, Texas 77550 counsel for Defendant.

_____
Ricardo M. Adobbati

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2003

Michael N. Milby
Clerk of Court

DIRECTV, INC. §
§
VS. §
§
HENRY AYALA, PAUL CANTU, § CIVIL ACTION:B-03-055
CELINDA CARRANZA, OMAR §
TREVINO A/K/A LINDA CORTEZ, §
CHRISTOPHER DAVIS, THERESA §
DECASTRO AND DAVID W. FANCHIER §

## MOTION TO DISMISS

Comes Now, **Henry Ayala**, (hereinafter "Defendant"), by and through his undersigned his undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil submits this Motion to Dismiss Count III of plaintiff **DIRECTV, Inc.'s** (hereinafter "Plaintiff") Complaint and in support hereof states as follows:

1. This is a Motion to Dismiss for failing to state an action under 18 U.S.C. §2512.

2. The plaintiff alleges in Count III of its multi count Complaint that the Defendant violated 18 U.S.C. §2512 and is seeking monetary damages for such violation.

3. 18 U.S.C. §2512 is a <u>criminal</u> statute, under which there is no civil liability. Chapter 18 provides for only acts that are criminally prohibited under 18 U.S.C.§2512.

4. Since 18 U.S.C. §2512 does not provide a private right of action, the Plaintiff, a California Corporation, lacks standing to bring an action thereupon, cannot state an action for damages thereupon, and accordingly should be dismissed. For a detailed discussion regarding the above, please refer to the attached Memorandum of Law in Support of Motion to Dismiss attached hereto.

WHEREFORE, the Defendant requests this Honorable Court to Dismiss Count III of the Plaintiff's Complaint for failing to state a cause of action.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of July, 2003, I caused a copy of the foregoing Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Greer, Herz & Adams, L.L.P., One Moody Plaza 18th Floor Galveston, Texas, 77550, counsel for Defendant.

_____
Ricardo M. Adobbati

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| HENRY AYALA, PAUL CANTU | § | CIVIL ACTION: B-03-094 |
| CELINDA CARRANZA, OMAR | § | |
| TREVINO A/K/A LINDA CORTEZ, | § | |
| CHRISTOPHER DAVIS, THERESA | § | |
| DECASTRO AND DAVID W. FANCHIER | § | |
| | § | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Comes Now the Defendant **HENRY AYALA** (hereinafter "Defendant") by and through his undersigned counsel and in support of his Motion to Dismiss Count III of Plaintiff **DIRECTV, INC.'s** (hereinafter "Plaintiff") Complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows:

I.

### FACTUAL ALLEGATIONS

Plaintiff, a California corporation alleges actions on the part of the Defendant, a resident of Brownsville, Cameron County, Texas which violates the Cable Communications Policy Act of

Defendant now moves this Court to dismiss Count III of the Complaint asserting that 18 U.S.C. §2512 does not afford Plaintiff a private right of action.

## ARGUMENTS

Defendant maintains that Count III of the Complaint must be dismissed because DIRECTV cannot bring a civil cause of action under the above enumerated title for defendant's alleged possession of devices in violation of 18 U.S.C. §2512.

On a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must presume the truth of the factual allegations in the Complaint and draw all reasonable inferences in favor of the nonmoving party. Dismissal under 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See e.g. **Conley v. Gibson**, 355 U.S.C. 41, 45-46 (1957). Here, because of a civil or private cause of action is not permitted by U.S.C. § 2520 for the criminal proscriptions found in §2512, Plaintiff's Count III must fail.

18 U.S.C. § 2512, a violation of which may result in imprisonment and imposition of a fine, provides in relevant part.

> "(1) Except as otherwise specifically provided in this chapter any person who intentionally:
>
>> b.   manufactures, assembles, possesses or sells any electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communication, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; …shall be fined under this title or imprisoned not more than five years.

The statute does not directly provide civil liability, nor does it indirectly suggest that Congress intended to provide such private recourse for its violation.

18 U.S.C. §2520, however, provides in relevant part that

> "(1) Except as provided in [18 U.S.C. §] Section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is <u>intercepted, disclosed or intentionally used</u> in violation in this chapter may in a civil action recover from the person or entity ...which engaged in that violation such relief as may be appropriate." (emphasis added).

Allegations that Defendant <u>intercepted, disclosed or intentionally used</u> the electronic communications of Plaintiff are already set forth in a separate count (Count II) of the Complaint alleging violation of 18 U.S.C. § 2511.

In **Flowers v. Tandy Corp.**, 773 F.2d. 585 (4th Cir. 1985), the Fourth Circuit of Appeals looked to the specific language of 18 U.S.C. § 2520 in finding no merit to appellees' assertion that §2520 expressly provides a private cause of action for violations of the criminal proscriptions of 18 U.S.C. § 2512

Plaintiff recently brought a similar action alleging violation of the provisions of 18 U.S.C. §§ 2512(1) and 2520 in the United States District for the Middle District of Florida, Orlando Division, in **DIRECTV, Inc. v. Thacker, et al,** Case No. 6-03-CV-239. There, the defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Count III of that Complaint asserting that 18 U.S.C. § 2512 does not provide DIRECTV a private right of action. Relying on **Flowers**, the district granted defendants' motion.

Accordingly, the allegations contained in Count III of Plaintiff's Complaint for alleged <u>criminal</u> violation of 18 U.S.C. §2512 will not support a <u>civil</u> cause of action.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant his Motion to Dismiss and enter an Order dismissing Count III of Plaintiff's Complaint for failing to state a cause of action.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2003, I caused a copy of the foregoing Memorandum in Support of Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Greer, Herz & Adams, L.L.P. One Moody Plaza 18th Floor Galveston, Texas 77550 counsel for Defendant.

_____
Ricardo M. Adobbati