IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| HENRY AYALA, PAUL CANTU, | § | CIVIL ACTION:B-03-055 |
| CELINDA CARRANZA, OMAR | § | |
| TREVINO A/K/A LINDA CORTEZ, | § | |
| CHRISTOPHER DAVIS, THERESA | § | |
| DECASTRO AND DAVID W. FANCHIER | § | |

### MEMORANDUM IN SUPPORT OF DEFENDANT
### HENRY AYALA'S SECOND MOTION TO DISMISS

Comes Now the Defendant **HENRY AYALA** (hereinafter "Defendant") by and through his undersigned counsel and in support of his Second Motion to Dismiss Count III of Plaintiff **DIRECTV, INC.'s** (hereinafter "Plaintiff") Complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows:

### ISSUE

Whether 18 U.S.C. §2520 provides a private right of action under alleged violations of 18 U.S.C. §2512.

### STATEMENT OF THE CASE

Plaintiff, a California corporation alleges actions on the part of the Defendant, a resident of Brownsville, Cameron County, Texas which violates the Cable Communications Policy Act of 1984 (47 U.S.C. §§ 521, *et seq*,) and the Electronic Communications Policy Act of 1986, (18 U.S.C. §§ 2510, et seq), for violations of Texas law (TEX. CIV. PRAC. & REM. CODE §123, *et seq*). Specifically, Plaintiff alleges that Defendant has illegally possessed and used Pirate Access Devices in violation of 18 U.S.C. §2512(1)(b), a criminal statute, for which it may now recover damages pursuant to 18 U.S.C. §2520.

Defendant now moves this Court to dismiss Count III of the Complaint asserting that 18 U.S.C. §2512 does not afford Plaintiff a private right of action.

## LAW AND ARGUMENTS

Defendant maintains that Count III of the Complaint must be dismissed because DIRECTV cannot bring a civil cause of action under the above enumerated title for defendant's alleged possession of devices in violation of 18 U.S.C. §2512.

### I. Standard of Review

On a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must presume the truth of the factual allegations in the Complaint and draw all reasonable inferences in favor of the non-moving party. Dismissal under 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See e.g. **Conley v. Gibson**, 355 U.S.C. 41, 45-46 (1957). Here, because of a civil or private cause of action is not permitted by U.S.C. § 2520 for the criminal proscriptions found in §2512, Plaintiff's Count III must fail.

### II. A Private Cause of Action Under 18 U.S.C. §2512 does not Exist.

18 U.S.C. § 2512, a violation of which may result in imprisonment and imposition of a fine, provides in relevant part.

> "(1) Except as otherwise specifically provided in this chapter any person who intentionally:
>
> b. ***Manufactures, assembles, possesses or sells*** any electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communication, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; ...shall be fined under this title or imprisoned not more than five years or both. [Emphasis added]

Nowhere in 18 U.S.C. §2512 is there a reference to, or a mention of, "damages" or "private causes of action" – it is a criminal statute. The statute does not directly provide civil liability, nor does it indirectly suggest that Congress intended to provide such private recourse for its violation.

18 U.S.C. §2520, does, however, provide for a civil cause of action for some violations of the Act:

> "(1) Except as provided in [18 U.S.C. §] Section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is *intercepted, disclosed or intentionally used* in violation in this chapter may in a civil action recover from the person or entity ...which engaged in that violation such relief as may be appropriate." [Emphasis added].

18 U.S.C. §2520(a). Thus, the Electronic Communications Privacy Act does not provide for a private cause of action when a party's electronic communication is *intercepted, disclosed, or intentionally* used, but nowhere is there a private cause of action for mere possession of a device. It is clear from the language of 18 U.S.C. §2520(a) that it applies to 18 U.S.C. §2511

Although the Fifth Circuit has not directly addressed this issue there is case law from other circuits which may assist this Court in addressing this issue. The Fourth Circuit of Appeals in <u>Flowers v. Tandy Corp.</u>, 773 F.2d. 585, 588(4th Cir. 1985), reversed the District Court stating, "at the outset we hold that the district court erred in permitting the jury to consider the criminal statute, 18 U.S.C. §2512 as a basis for imposing civil liability." In its analysis, the Appellate Court stated:

> Looking first to the language of the statute, we find no merit in appellees' assertion that §2520 expressly provides a private cause of action for violations of the criminal proscription of §2512. Though §2520 provides an action for any person whose communication is "intercepted, disclosed or used in violation of this chapter," (emphasis added), the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who "intercepts, discloses, or uses, or procures any other person to intercept,

disclose, or use such communications." This language tracks very closely the criminal offenses set out in §2511, whereas the criminal offenses set out in §2512 are defined in such terms as "manufacture," "assemble," "possess," and "sell." Id.

In short, the Flowers Court looked to the specific language of 18 U.S.C. § 2520 in finding no merit to appellees' assertion that §2520 expressly provides a private cause of action for violations of the criminal proscriptions of 18 U.S.C. § 2512. Id.

Plaintiff recently brought a similar action alleging violation of the provisions of 18 U.S.C. §§ 2512(1) and §2520 in the United States District for the Middle District of Florida, Orlando Division, in <u>DirecTV, Inc. v. Thacker, et al,</u> Case No. 6-03-CV-239. There, the defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Count III of that Complaint asserting that 18 U.S.C. § 2512 does not provide DIRECTV a private right of action. Relying on **Flowers**, the District Court granted defendants' motion to dismiss.

Accordingly, the allegations contained in Count III of Plaintiff's Complaint for alleged <u>criminal</u> violation of 18 U.S.C. §2512 will not support a <u>civil</u> cause of action.

### **III. Plaintiff fails to State a Case under 18 U.S.C. §2512**

Assuming, *arguendo* and for the purpose of this motion only, that Defendants manufactured, assembled, possessed, or sold devices that were unlawful and that such actions violate §2512. Plaintiff may still not recover under its 18 U.S.C. §2512 cause of action as a matter of law.

### **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant his Second Motion to Dismiss and enter an Order dismissing Count III of Plaintiff's Complaint for failing to state a cause of action under 18 U.S.C. §2512.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2004, I caused a copy of the foregoing Memorandum in Support of Defendant Henry Ayala's Second Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Lecia L. Chaney, Rodriguez, Colvin & Chaney, 1201 East Van Buren, P. O. Box 2155, Brownsville, Texas 78522-2155 counsel for Defendant.

_____
Ricardo M. Adobbati